Filed 3/28/22  P. v. Villa CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078466 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN142798) |
| EDWARD VILLA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Reversed and remanded with directions.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

In 2003, a jury convicted Edward Villa of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true an allegation that Villa was a principal in the murder and that another principal personally used a firearm causing death (§ 12022.53, subds. (d) & (e)(1)). The jury also convicted Villa of assault with a deadly weapon (§ 245, subd. (a)(1)) and found the assault was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

Villa was sentenced to an indeterminate term of 25 years to life for murder, plus 25 years to life for the firearm enhancement consecutive to a nine-year term for the assault offense and the gang enhancement.

Villa appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Villa* (May 4, 2005, D043572) [nonpub. opn.].)

In 2019, Villa filed a petition for resentencing under section 1170.95, seeking resentencing of his murder conviction.

The court appointed counsel, received briefing, and reviewed the record of conviction, including the jury instructions and the opinion from the previous appeal. The court concluded that Villa had not stated a prima facie case for relief and therefore denied the petition without issuing an order to show cause (OSC).

Villa filed a timely notice of appeal.

In his appeal, Villa argues the trial court erred in denying the petition at the prima facie stage of review because the jury was instructed on the natural and probable consequences doctrine as well as on direct aiding and abetting and conspiracy theories. The Attorney General agrees with Villa's analysis of the record and properly concedes the court erred in denying the petition without issuing an OSC and conducting an evidentiary hearing. Our

---

[1]     All further statutory references are to the Penal Code.

2

review of the record convinces us the trial court's order denying the petition must be reversed and the matter remanded with directions to issue an OSC and conduct an appropriate evidentiary hearing.

## STATEMENT OF FACTS.

The facts of the offenses are set forth in our prior opinion. Given the Attorney General's concession, we find it unnecessary to repeat them here.

## DISCUSSION

In *People v. Lewis* (2021) 11 Cal.5th 952, 970-973, the Supreme Court clarified the role of trial courts in evaluating petitions for resentencing under section 1170.95. The court held that after appointment of counsel, the court may deny the petition at the prima facie stage where the record shows the petitioner is not eligible for resentencing as a matter of law. The court may not, however, engage in factfinding, weigh evidence, or make credibility determinations. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 968.)

Here, the jury was instructed on direct aiding and abetting as well as conspiracy, currently valid theories of liability. However, the jury also was instructed on the natural and probable consequences doctrine arising out of an offense other than murder. As Villa argues and the Attorney General agrees, we cannot tell from this record whether the jury relied on the now impermissible theory of murder arising as a natural and probable consequence of committing a different offense. Thus, we cannot say that Villa is ineligible for resentencing under section 1170.95 as a matter of law. We are compelled on this record to accept the Attorney General's concession and reverse the order denying Villa's petition.

## DISPOSITION

The order denying Villa's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the superior court with

3

directions to issue an OSC and conduct an appropriate evidentiary hearing under section 1170.95, subdivision (c).

                                                    HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.

4